**Application of Eugene YATES for Writ of Habeas Corpus.**

**No. A–12828.**

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1960.

Eugene Yates, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition for habeas corpus brought by Eugene Yates. In said petition he alleges he is being unlawfully restrained of his liberty by the Warden of the Oklahoma State Penitentiary by virtue of a certain judgment and sentence for a term of forty nine years imposed upon him in Comanche County Superior Court on February 16, 1952, for the crime of manslaughter in the first degree. He complains that the trial court was without jurisdiction to impose said sentence for the reason the offense came within the lawful jurisdiction of the Federal Courts. He more specifically asserts that the crime with which he was convicted was committed in "Indian country" against a person of Indian blood and under the provisions of Art. I, Sec. 3 of

the Oklahoma Constitution and 18 U.S.C.A. §§ 1151, 1152, and 1153 the State of Oklahoma was without authority to try and convict him of said crime.

To the petition the state responded asserting the validity of the trial court's jurisdiction.

 The petitioner relies on the case of In re Carmen, D.C.N.D.Cal., 165 F. Supp. 942, which, he contends, sustains his contentions. To the contrary is the case of Tooisgah v. United States, 10 Cir., 186 F.2d 93, 94, involving similar facts, holding:

"Where tribes occupying reservation ceded lands embraced within it to United States, relinquishing and surrendering all their claim, title and interest subject to allotments in severalty, and every allottee was given benefit of and made subject to laws, both criminal and civil, of state or territory, with gift of citizenship and equal protection of laws, Congress thereby intended to dissolve tribal government, disestablish the organized reservation, and assimilate the Indians as citizens of state or territory.

"The term 'Indian Country' as used in statute defining that term and the term 'within the limits of any reservation' are not synonymous. 18 U.S.C.A. § 1151.

"The deliberate choice of the phrase 'within any Indian reservation under the jurisdiction of the United States Government' by Congress in defining the term 'Indian Country' indicated a congressional disposition to restrict federal jurisdiction to organized reservations lying within a state. 18 U.S. C.A. § 1151.

"Where lands where full-blooded Indian allegedly murdered full-blooded Indian had originally been part of an Indian reservation, but Indians had ceded the lands to the United States subject to allotment in severalty to individual members of tribes, the lands lost their character as lands within an 'Indian Reservation' within meaning of statute defining Indian country, and therefore federal District Court had no jurisdiction of murder prosecution."

 It is not necessary that we reconcile these opinions, since the allegations of the petition are not sufficient to bring the petitioner within the purview of these statutes and adjudicated cases. It is well to observe, however, that even if he is a full-blood Indian as defined by the statute, which he does not allege, under the authority of Tooisgah v. United States, supra, he would not be entitled to relief herein by habeas corpus. This necessarily follows since we feel we are bound by the authority of the Court of Appeals of the Tenth Circuit.

The writ of habeas corpus is accordingly denied.

POWELL, P. J., and NIX, J., concur.